IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                        No. 16-CV-00936-LH-GBW
                                                        No. 01-CR-00291-LH

MARCOS MAZZINI,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Marcos Mazzini's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, filed on June 23, 2016. [CV Doc. 1; CR Doc. 172] Defendant contends that the enhancement of his sentence as a career offender under the United States Sentencing Guidelines (U.S.S.G.), § 4B1.1, is invalid in light of the United States Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On August 29, 2016 Defendant filed a supplement to his § 2255 motion, which contends that the career-offender enhancement also is invalid because one of the felony offenses used to enhance his sentence recently was reduced to a misdemeanor conviction. [CV Doc. 4; CR Doc. 176] For the reasons explained below, Defendant's § 2255 motion and supplemental § 2255 motion will be dismissed with prejudice, a certificate of appealability will be denied, and judgment will be entered.

**I.    BACKGROUND**

On March 1, 2001, Defendant was charged by Indictment with: (1) Counts 1, II, and III—assault with a deadly weapon of a person assisting an officer or employees of the United States in the performance of official duties, in violation of 18 U.S.C. § 111(a)(1) and (b) and 18 U.S.C. § 2; and (2) Count V—attempted escape from custody in violation of 18 U.S.C. § 751(a) and 18 U.S.C. § 2.  [CR Doc. 1]   Defendant and the Government entered into a plea agreement, in which Defendant agreed to plead guilty to Counts 1 and V of the Indictment and the parties agreed to stipulate, pursuant to Fed. R. Crim. P. 11(e)(1)(C) "that the sentence shall be ninety-six (96) months imprisonment, which shall be served consecutive to the defendant's sentence in CR. NO. 95-538 MV."   [CR Doc. 146 at 2, 3]

The Probation Office prepared a Presentence Investigation Report (PSR), which determined that the base offense level for the crime of assault with a deadly weapon of a person assisting an officer or employee of the United States in the performance of official duties is 15.[1] *See* U.S.S.G. § 2A2.2.  To the base offense level, the PSR added: (1) two points pursuant to U.S.S.G. § 2A2.2(b)(1), because the offense involved more than minimal planning; (2) four points pursuant to U.S.S.G. § 2A2.2(b)(2)(B), because Defendant used a dangerous weapon; (3) six points pursuant to U.S.S.G. § 2A2.2(b)(3)(C), because one of the victims sustained permanent injury; and (4) three points pursuant to U.S.S.G. § 3A1.2, because the victim was an official victim.   [PSR at 9-10]    Because U.S.S.G. § 2A2.2(b)(3) provides that "the cumulative adjustments from (2) and (3) shall not exceed 9 levels," Defendant's adjusted offense level was reduced one point, from 30 to 29.   [PSR at 10]   After a multiple count adjustment under U.S.S.G. § 3D1.4, Defendant's combined adjusted offense level was increased to 30.   [PSR at 11]

---

[1] The PSR used the 2001 edition of the guideline manual to calculate the applicable guideline range.   [PSR at 9]   All references to the U.S.S.G. in this Memorandum Opinion and Order also refer to the 2001 edition of the guideline manual.

2

Defendant received a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of 27.  [PSR at 11]   The PSR calculated that Defendant had 14 criminal history points, resulting in a criminal history category of VI.   [PSR at 16]

The PSR also determined that Defendant was a career offender under U.S.S.G. § 4B1.1, because he had two prior qualifying felony convictions:

> On April 3, 1995, he was sentenced on a conviction for Possession of PCP for Sale in the Superior Court of Los Angeles County, California, Case No. YA022501, and on August 30, 1999, he was sentenced on a conviction for RICO, conspiracy to Distribute 5 Grams and More of Cocaine Base, Violent Crimes in Aid of Racketeering Activity – Attempted Murder, and Using and Carrying Firearms During and in Relation to Drug Trafficking Crime in the United States District Court, District of New Mexico, Case NO. CR 95-538-MV.

[PSR at 11]   However, the career offender enhancement did not increase Defendant's total offense level, because "[t]he table at 4B1.1 has an offense level of 24, which is less than the offense level . . . of 30."   [PSR at 11; *see* U.S.S.G. § 4B1.1]   Additionally, the career offender enhancement did not increase Defendant's criminal history category, because Defendant's criminal history points already placed him in criminal history category VI.   *See* U.S.S.G. § 4B1.1 ("A career offender's criminal history category in every case shall be Category VI.").

Based on a total offense level of 27 and a criminal history category of VI, the guideline range for imprisonment was 130 to 162 months.   [PSR at 20]   Because the guideline imprisonment range exceeded the maximum sentence of 120 months for Count 1 and 60 months for Count V, the PSR determined that the maximum statutory sentence for each count was the guideline imprisonment range under U.S.S.G. § 5G1.1(a).   [PSR at 20]

On April 25, 2002, the Court adopted the findings in the PSR, accepted the plea agreement, "which includes a specific sentence of 96 months," and sentenced Defendant to 96 months of

3

imprisonment as to Count I, a concurrent term of 60 months of imprisonment as to Count V, for a total term of 96 months of imprisonment, to run consecutively to the sentence imposed in CR 95-538MV. [CR Docs. 162, 167]  The Court rendered judgment on Defendant's conviction and sentence on May 1, 2002.  [CR Doc. 167]  Defendant did not file a notice of appeal and, therefore, his conviction became final ten days later.  *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A)(i) (2002 revision) (providing ten days from the entry of judgment to file a notice of appeal).

On June 23, 2016, Defendant filed an Application For Leave To File A Second Or Successive Motion To Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 By A Prisoner In Federal Custody in the United States Court of Appeals for the Tenth Circuit.  *See In re: Mazzini*, No. 16-2156, Doc. 01019644826 (10th Cir. June 24, 2016).  The Tenth Circuit determined that Defendant's application was deficient, because it did not include a copy of the successive § 2255 motion that he wishes to file.  *Id.*, Doc. 0109645728.  In response, Defendant submitted a letter stating that "[t]he motion [he is] seeking to file in the District Court is not a successive [motion, but] is my first 2255 motion."   [CV Doc. 1; CR Doc. 172]   Attached to Defendant's letter was his proposed first § 2255 motion, which was completed on the Court's form Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody.   [CV Doc. 1; CR Doc. 172]

The United States Court of Appeals for the Tenth Circuit denied Defendant's motion to file a second or successive § 2255 motion as "unnecessary because it appears Movant has not

4

previously filed a § 2255 motion." [CV Doc. 1-1; CR Doc. 172-1]  The Tenth Circuit transferred Defendant's proposed first §2255 motion to this Court pursuant to 28 U.S.C. § 1631.[2]  [CV Doc. 1-1; CR Doc. 172-1]

On August 29, 2016, Defendant filed a supplement to his § 2255 motion.  [CV Doc. 4; CR Doc. 176]  In his supplement, Defendant contends that the enhancement of his sentence under the career-offender provision of the U.S.S.G. should be invalidated because "his prior felony conviction for Possession of PCP for Sale . . . has [been] re-designated a misdemeanor pursuant to California Proposition 47."  [CV Doc. 4; CR Doc. 176]  In support of this contention, Defendant attached the following documents to his supplement:  (1) a copy of his Application/Petition For Resentencing in the Superior Court of California, County of Los Angeles; and (2) a copy of the Superior Court's Minute Order on Defendant's Application, which is dated August 5, 2016. [Doc. 4 at 3-5]

## II.     DISCUSSION

*A.*     *Timeliness*

As a preliminary matter, the Court will consider the timeliness of Defendant's § 2255 motion and supplement.  *See Day v. McDonough*, 547 U.S. 198, 209, (2006) (holding that federal district courts "are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"); *United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (applying *Day* to a federal prisoner's § 2255 motion) (unpublished). A one-year period of

---

[2] The United States Court of Appeals for the Tenth Circuit noted that, "[i]n filing this document as a first § 2255 motion, the district court should provide Movant with any notice, warning, and opportunity for supplementation that may be required."  [CV Doc. 1-1; CR Doc. 172-1]  The Court determines that notice, warning, and supplementation are not required because Defendant has submitted a § 2255 motion on the proper form and has plainly expressed his intent to seek relief under 28 U.S.C. § 2255 for the first time.  [CV Doc. 1; CR Doc. 172]  *See Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) (holding that "there was no recharacterization by the district court" when the petitioner filed a form § 2254 motion and "referenced § 2254 throughout his pleading").

limitation applies to § 2255 motions, which begins to run from the latest of:

>   (1)   the date on which the judgment of conviction becomes final;
>
>   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   Defendant's § 2255 motion seeks relief pursuant to the Supreme Court's June 26, 2015 decision in *Johnson*, which was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).   Because Defendant's § 2255 motion was filed on June 23, 2016, less than one year after the issuance of the *Johnson* decision, the Court concludes that it was timely filed under § 2255(f)(3).

On August 29, 2016, Defendant filed a supplement to his § 2255 motion, which seeks relief based on the Superior Court of California's August 5, 2016 ruling on Defendant's application to reduce his felony conviction in Case No. YA022501 to a misdemeanor conviction.   [CV Doc. 4; CR Doc. 176]   *See* Fed. R. Civ. P. 15(d).   Because relief was not available on Defendant's claim until the Superior Court of California issued its ruling on August 5, 2016, the Court concludes that his supplement was timely filed under § 2255(f)(4).   *Cf. In re Weathersby*, 717 F.3d 1108, 1110 (10th Cir. 2013) (holding that relief is not available on a § 2255 motion based on the expungement of a state court conviction until "after the state conviction used to enhance the federal sentence is vacated").

6

B.     *Johnson is Inapplicable to Defendant's Controlled Substance Offenses*

The Court first will address Defendant's claim that the enhancement of his sentence under the career offender provision of the U.S.S.G. is invalid in light of the Supreme Court's holding in *Johnson*, 135 S. Ct. 2551.   In *Johnson*, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act (ACCA) violates the due process clause of the United States Constitution.   In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years.   *See* 18 U.S.C. § 924(a)(2).   "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S.Ct. at 2555 (quoting § 924(e)(1)).   The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

§ 924(e)(2)(B) (emphasis added).   The Court held that the residual clause of § 924(e)(2)(B)(ii), which is the italicized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges."   *Johnson*, 135 S. Ct. at 2557.   Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."   *Id*. at 2563.

In the present case, Defendant's sentence was not enhanced under the ACCA, but under the career-offender provision in U.S.S.G. § 4B1.1, which contains a residual clause virtually identical to the one invalidated in *Johnson*.   *See* U.S.S.G. § 4B1.2 (defining a "crime of violence" as "any

7

offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-- (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." (emphasis added)). In *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit held that "[t]he concerns about judicial inconsistency that motivated the Court in *Johnson*, lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague. If one iteration of the clause is unconstitutionally vague, so too is the other."[3]

Notably, pursuant to *Johnson* and *Madrid*, only the *residual clause* of the ACCA and the career-offender provision of the U.S.S.G., both of which define a "violent felony" or a "crime of violence," respectively, as a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another," are unconstitutionally vague. *See* 18 U.S.C. § 924(e)(2)(B); U.S.S.G. 4B1.2(a)(2). However, the application of the career-offender provision in the present case was not based on the definition of a "crime of violence" in the U.S.S.G., much less under the residual clause of that definition. Rather, the application of the career-offender provision was based, in relevant part, on Defendant's two prior felony convictions of controlled substance offenses, namely a California conviction for Possession of PCP for Sale and a federal conviction for Conspiracy to Distribute 5 Grams and More of a Cocaine Base. [PSR at 11] A "controlled substance offense" is defined as "an offense under federal or state law, punishable by

---

[3] The United States Court of Appeals for the Tenth Circuit has not yet determined whether *Johnson* applies retroactively on collateral review to the residual clause definition of a "crime of violence" in the U.S.S.G. That question currently is pending before the United States Supreme Court in *Beckles v. United States*, No. 15-854. The Court need not determine whether *Johnson* applies retroactively to the U.S.S.G., because Defendant's sentence was not enhanced under the U.S.S.G. for a "crime of violence."

8

imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Additionally, a "controlled substance offense" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, Application Note 1. Neither *Johnson* nor *Madrid* invalidated the definition of a "serious drug offense" under the ACCA, *see* 18 U.S.C. § 924(e)(2)(A), or the definition of a "controlled substance offense" under the career-offender provision of the U.S.S.G., *see* U.S.S.G. § 4B1.2(b). *See United States v. Turner*, 624 F. App'x 624, 626 (10th Cir. 2015) (holding that *Johnson* was inapplicable to the defendant's § 2255 motion, because the defendant "was convicted under § 924(e)(1) based on three earlier convictions for 'serious drug offense[s] under § 924(e)(2)(A)'") (unpublished). Therefore, the Court concludes that Defendant plainly is not entitled to relief under *Johnson*.

### B.    *Defendant's California Conviction Was Not Reduced To A Misdemeanor*

Alternatively, Defendant contends that the application of the career-offender provision in the U.S.S.G. is unlawful because one of his predicate felony convictions, Possession of PCP for Sale, recently has been "re-designated a misdemeanor pursuant to California Proposition 47 a second chance opportunity to defendants with minor drug offenses." [CV Doc. 4; CR Doc. 176] Attached to Defendant's supplement was a copy of the Superior Court of California's Minute Order, which provides, in relevant part, as follows:

> COURT RULES AS FOLLOWS:
>
> THE APPLICATION TO DESIGNATE FELONY CONVICTION
> AS A MISDEMEANOR IS GRANTED.

> COURT FURTHER RULES AS FOLLOWS:  UPON FURTHER REVIEW:
>
> COURT HEREBY VACATES THE ORDER AND APPLICATION TO DESIGNATE FELONY CONVICTION AS A MISDEMEANOR.
>
> ON APRIL 3, 1995 THE PEOPLE AMENDED THE INFORMATION TO ADD COUNT (2) 11377 HEALTH AND SAFETY CODE A MISDEMEANOR AND COUNT (1) 11378.5 HEALTH AND SAFETY CODE WAS DISMISSED.
>
> THE APPLICATION TO DESIGNATE FELONY CONVICTION AS A MISDEMEANOR IS MOOT.
>
> NO FURTHER ACTION IS REQUIRED.

[Doc. 4 at 3-4]  *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (holding that, in determining the sufficiency of a complaint, the Court may consider, in relevant part, "documents that the complaint incorporates by reference").  Thus, Defendant's application to reduce his felony conviction to a misdemeanor conviction was denied as moot, because Defendant's conviction for Possession of PCP for Sale in violation of California Health and Safety Code § 11377 already was a misdemeanor conviction.  Because Defendant's conviction was not re-designated as a misdemeanor conviction on August 5, 2016, he plainly is not entitled to relief on the supplement to his § 2255 motion.[4]

C.     *Application of the Career-Offender Provision Did Not Affect Defendant's Sentence*

Although the foregoing analysis is dispositive of Defendant's § 2255 claims, the Court nonetheless notes that the application of the career-offender provision did not affect the calculation of Defendant's sentencing range under the U.S.S.G., because Defendant's combined adjusted

---

[4] To the extent that Defendant wishes to challenge the enhancement of his sentence based on a *misdemeanor* conviction for Possession of PCP for Sale, this alleged error existed at the time of his sentencing and, therefore, such a claim would be untimely under § 2255(f).  *See United States v. Rauch*, 520 F. App'x 656, 657 (10th Cir. 2013) (holding that the one-year limitation period in 2255(f)(4) runs from the date on which the defendant could have discovered the factual basis for his claim) (unpublished).

10

offense level of 30 exceeded the applicable offense level of 24 under the career-offender provision and Defendant's criminal history points placed him in criminal history category VI, without application of the career-offender enhancement.  [*See* PSR at 11, 20]   Under these factual circumstances, application of the career-offender enhancement, even if erroneous, was harmless.[5] *See United States v. Wilken*, 498 F.3d 1160, 1169 (10th Cir. 2007) (noting that even if there is "error in calculating the Guidelines range" the defendant's conviction need not be vacated "if the error was harmless"); *United States v. Montgomery*, 439 F.3d 1260, 1263 (10th Cir. 2006) ("Harmless error is that which did not affect the district court's selection of the sentence imposed.") (internal quotation marks and citation omitted).

### D.     *Certificate of Appealability Will Be Denied*

For the reasons explained above, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2).   Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's § 2255 motion [CV Doc. 1; CR Doc. 172] and supplemental § 2255 motion [CV Doc. 4; CR Doc. 176] are DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] The Court recognizes that Defendant received two criminal history points under U.S.S.G. § 4A1.1(b) because of his California conviction of Possession of PCP for Sale [PSR at 15] and that Defendant received two additional criminal history points under U.S.S.G. § 4A1.1(d) because Defendant was under probation supervision in that case at the time he committed the offenses charged in the Indictment.  [PSR at 16]   Nonetheless, the characterization of an offense as a felony or a misdemeanor generally has no effect on the computation of criminal history points under U.S.S.G. § 4A1.1, because "[s]entences for misdemeanor and petty offenses are counted" unless the sentences fall into certain exceptions inapplicable to the present case.   U.S.S.G. § 4A1.2(c).